## State of Vermont

## Superior Court -- Environmental Division

=============================================================================

# E N T R Y   R E G A R D I N G   M O T I O N

=============================================================================

**In re Verizon Wireless Barton Act 250 Permit,**                    Docket No. 6-1-09 Vtec

**Project:  Verizon Wireless cell tower and antennas**

**Applicant:  VT RSA Ltd. Partnership and Cellco Partnership, d/b/a Verizon Wireless**
      **(Appeal from District #7 Environmental Commission determination)**

Title:  Motion for Permission to Appeal (Filing No. 13)

Filed:  October 18, 2010

Filed By:  Vincent Illuzzi, Attorney for Appellant Michael Auger

Response in Opposition filed on 10/20/10 by Appellee/Applicant Verizon Wireless

___ Granted                    _X_ Denied                    ___ Other

This matter is currently scheduled for a bench trial beginning on Wednesday, November 3, 2010; the parties have completed, or are just about to complete, their pre-trial discovery and exchange of pre-filed testimony.

By Entry Order of October 15, 2010, this Court ruled that it would not allow Appellant Michael Auger ("Appellant") to present evidence concerning alternate locations for the proposed cellular transmission tower.  Appellant subsequently filed both a motion for reconsideration and a motion for permission to appeal the October 15th determination.  In an Entry Order issued concurrent to this one, we deny Appellant's motion for reconsideration, and through this Order we deny Appellant's motion for permission to appeal.

The grant of a request for interlocutory appeal is rarely appropriate; such appeals force our Supreme Court to decide "legal questions in a vacuum, without benefit of factual findings" and "impair [the Supreme] Court's basic functions of correctly interpreting the law and providing justice for all litigants."  In re Pyramid Co. of Burlington, 141 Vt. 294, 301 (1982).  Under V.R.A.P. 5(b), a party is to be granted permission to appeal an interlocutory order of this Court if we reach three conclusions: (1) the order "involves a controlling question of law;" (2) the question of law is one in which "there is substantial ground for difference of opinion;" (3) and "an immediate appeal may materially advance the termination of the litigation."  The failure to satisfy any one of these criteria renders an interlocutory appeal inappropriate.  See In re Pyramid Co., 141 Vt. at 302.  For the reasons stated below, we conclude that an interlocutory appeal here would be inappropriate and therefore **DENY** Appellant's request.

The substantive issue Appellant raises in his request for interlocutory appeal is summarized in our Entry Order of October 15, 2010 and our concurrent Entry Order of October 29, 2010, denying reconsideration of the earlier Order.  Stated succinctly, Appellant argues that, under Act 250 criterion 8, the Court should consider evidence of alternate locations for a proposed project, including those that an applicant does not own or control.  Although Appellant has made a showing that there is ground for a difference of opinion, we cannot not ultimately agree that any of the three criteria necessary for a grant of interlocutory review are met.

In determining whether there is substantial ground for a difference of opinion, this Court is directed to consider whether "a reasonable appellate judge could vote for reversal of the challenged order."  In re Pyramid Co., 141 Vt. at 307.  Our examination of the decisions Appellant cites has not lead us to this conclusion.  Appellant has not provided us with apparent conflicting precedent so much as he has illuminated

the absence of clear guidance on the question he raises.  The controlling precedent appears to be a 1984 decision of the previous Environmental Board, <u>Re: Vermont Electric Power Co.</u>, Findings of Fact, Conclusions of Law, and Order (Vt. Envtl. Bd. Dec. 12, 1984), that was discussed and applied in a subsequent 1993 Environmental Board decision, <u>Stokes Communication Corp.</u>, No. 3R0703-EB, Corrected Memorandum of Decision, at 1–2 (Vt. Envtl. Bd. Jun. 28, 1993).[1]  The sole source of a potential challenge to this precedent is a 1999 decision of the District 5 Environmental Commission, apparently overlooking <u>Stokes Communication Corp.</u>, No. 3R0703-EB, and viewing <u>Vermont Electric Power</u>, No. 7C0565-EB, as substantially narrowed.  See <u>Re: H.A. Manosh, Inc.</u>, No. 5L1331, Findings of Fact and Conclusions of Law and Order, at 19-20 (Dist. 5 Comm'n Nov. 18, 1999).[2]  However, we have not been made aware of a single decision that arguably overrules <u>Vermont Electric</u> and note that the Board specifically declined in <u>Stokes</u> to take the opportunity to overrule this precedent.

Ultimately, what Appellant's argument illuminates is that there is no precedent that specifically authorized the review of alternate sites within an evaluation of the aesthetic impacts of a project, beyond alternate locations within the project area itself, when making a determination of whether an adverse aesthetic impact of a proposed project is "undue."  The only precedential guidance we have is that review of alternate sites is limited to areas that the applicant owns or controls.  Further, it is also unclear when identification of an alternative site would require denial of a permit, since the "failure to take advantage of [a reasonable alternative available] *may, in some circumstances*, render undue an otherwise acceptable [adverse] aesthetic impact."  See <u>Re: Quechee Lakes Corp.</u>, Nos. 3W0411-EB and 3W0439-EB, Findings of Fact, Conclusions of Law, and Order, at 20 (Vt. Envtl. Bd. Nov. 4, 1985) (emphasis added).  The lack of clarity on this question, however, does not mean it should go to the Supreme Court for interlocutory resolution, but simply that it is a difficult ruling.  See <u>In re Pyramid Co.</u>, 141 Vt. at 306 ("[Interlocutory appeal] was not intended merely to provide review of difficult rulings in hard cases.") (citation omitted).

Even if we were to conclude that the first criterion for interlocutory appeal is met in this case, we conclude that Appellant's request must be denied because the remaining criteria are not met.  To determine if the order sought to be appealed involves a controlling question of law, we ask whether an appeal would "result in an immediate effect on the course of litigation and in some saving of resources either to the court system or to the litigants."  <u>In re Pyramid Co.</u>, 141 Vt. at 303.  Because reversal of our October 15, 2010 determination would not bring about a full resolution of this litigation, we conclude that the question it not a controlling one.  Under Act 250 criterion 8, we apply what is commonly referred to as the <u>Quechee</u> analysis, assessing first whether there is an adverse aesthetic impact and only after finding in the affirmative, asking whether the adverse impact is undue.  See <u>Re: Quechee Lakes Corp.</u>, Nos. 3W0411-EB and 3W0439-EB, Findings of Fact, Conclusions of Law, and Order, at 17–20 (Vt. Envtl. Bd. Nov. 4, 1985).  Because Appellant's evidence, if the Supreme Court were to find it admissible, would then be deemed relevant only under the second part of the <u>Quechee</u> analysis, an interlocutory ruling on this question would not render the trial unnecessary; we would still be required to hear the evidence and make factual findings in regard to whether the project is both "adverse" and "undue."  10 V.S.A. § 6086(a)(8).  For this same reason, we conclude that an interlocutory ruling is unlikely to "materially advance the termination of the litigation" and, consequently, not appropriate under these circumstances.

---

[1] See our concurrent Entry Order of October 29th and original Entry Order of October 15th for further discussion of this precedent.

[2] This line of reasoning has been followed in at least one additional decision of the District 5 Environmental Commission.  <u>Re: ATC Realty, Inc.</u>, No. 5W1405, Findings of Fact and Conclusions of Law and Order, at 13 (Dist. 5 Comm'n Feb. 10, 2003).  It is also informative that <u>Stokes Communication Corp.</u>, itself states that "the Board believes that there is some merit to the Appellants' arguments," an argument similar to the Appellant's here, and "the Board will consider whether it will establish a policy for the siting of towers in an appropriate forum, such as rule-making."  No. 3R0703-EB, at 2.  We have not been made aware of a subsequently adopted rule relating to aesthetic mitigation and alternate sites.

For all of these reasons, Appellant's request for permission to file an interlocutory appeal is **DENIED**.  The trial remains scheduled to commence on November 3rd.

_____          \_\_\_October 29, 2010\_\_\_\_\_

      Thomas S. Durkin, Judge                                               Date

=======================================================================

Date copies sent to:  _____          Clerk's Initials _____

Copies sent to:

  Vincent Illuzzi, Attorney for Appellant Michael Auger

  Brian Sullivan and Pamela A. Moreau, Attorneys for Appellee/Applicants Vermont RSA
      Ltd. Partnership and Cellco Partnership, d/b/a Verizon Wireless

  John H. Hasen, Attorney Natural Resources Board (FYI purposes only)

  Judith L. Dillon, Attorney for Agency of Nat'l Resources (FYI purposes only)